UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOMMY COOK, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 17-cv-11764-IT |
| | * |
| NANCY A. BERRYHILL, Acting | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

ORDER

September 27, 2018

TALWANI, D.J.

Plaintiff Tommy Cook filed this action seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying Cook's application for Disability Insurance Benefits ("DIB"). Cook filed a Motion for Summary Judgment [#13], and the Commissioner filed a cross Motion to Affirm the Commissioner's Decision [#17]. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation [#24] recommending that this court allow the Commissioner's motion and deny Cook's motion. Cook filed timely Objections [#25], to which the Commissioner has filed a Reply [#26]. For the reasons that follow, the court sustains Cook's objections, adopting in part and declining to adopt in part the Magistrate Judge's Report and Recommendation [#24].

    I.    Standard of Review

A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).

II. No Objection to the Magistrate Judge's Analysis Through Step Four

Cook has not objected to the Magistrate Judge's findings and recommendations with respect to the Social Security Administration ("SSA") Administrative Law Judge's ("ALJ") conclusions through Step Four of the SSA's five-step evaluation process set forth in 20 C.F.R. § 416.920(a)(4), other than the ALJ's finding as to Cook's residual functional capacity ("RFC") and the weight that the ALJ gave to Cook's treating physician's opinion. The court accepts and adopts those portions of the Report and Recommendation to which Cook has not objected.

III. Weight that the ALJ Gave to Opinion of Cook's Treating Orthopedic Surgeon

Cook objects that the ALJ failed to give proper weight to the opinion of Cook's treating orthopedic surgeon, Dr. Henry Toczylowski. Pl.'s Objections 3 [#25]. Cook contends that the weight that the ALJ gave to Dr. Toczylowski's opinion was inconsistent with the "treating physician rule." Regulations in effect at the time Cook filed his claim required the ALJ to give "controlling weight" to a treating physician's opinion if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2).

Cook relies on a December 1, 2011, letter that Dr. Toczylowski submitted to Cook's attorney. Tr. 512-517.[1] That letter states, in relevant part, that Cook:

> is currently extremely limited and is unable to use his right upper extremity for repetitive or overhead activities. He has significant difficulty with any attempt at bringing his [right] arm into flexion above shoulder level. With his right upper extremity, he has the ability to lift weights of only 5-10 pounds. Above that, up to and above the shoulder he is unable to lift 5 pounds with an extended arm in front of him. He is unable to climb ladders and use a hand

---

[1] Consistent with the Report and Recommendation [#24], this order uses "Tr." to refer to the page number in the lower right corner of the Administrative Record [#12].

2

> truck, skills he needs in his occupation. Additionally, with regard to driving a tractor trailer, he is unable to operate the 10 speed gear shift (with his right hand) being unable to shift repeatedly to adequately drive a tractor trailer. . . . He is unable to kneel, climb or crawl to any significant degree.

Tr. 515. Dr. Toczylowski's letter opined that Cook's "prognosis for the future, with regard to his right shoulder, is extremely guarded." Tr. 516. "With regard to his left shoulder, he has been essentially left handed as he has been unable to use the right shoulder effectively and has now developed significant pain and difficulty with his left shoulder as well. This has not been significantly evaluated to any significant degree." Tr. 516. Further, Dr. Toczylowski wrote, Cook "is disabled from all work which requires overhead lifting or repetitive use of the right or left upper extremities. He has minimal lifting capacity at shoulder level and virtually no significant lifting capacity above shoulder level." Tr. 516.

In his order denying Cook's application, the ALJ wrote that he had "given significant weight to the December 1, 2011, opinion of Dr. Toczylowski that the claimant was unable to use his right upper extremity for repetitive or overhead activities." Tr. 39. Further summarizing Dr. Toczylowski's opinion, the ALJ wrote that Cook "could lift only 5-10 pounds, and only 5 pounds up to and above his shoulder. He could not use a hand truck, operate a 10-speed gearshift or use his right arm to steer while leaning out the window." Tr. 39.[2]

Insofar as the ALJ stated that he gave significant weight to Dr. Toczylowski's opinion, the ALJ properly applied the treating physician rule. However, the ALJ inaccurately summarized

---

[2] The ALJ also wrote that he disagreed with Dr. Toczylowski's opinion "that the claimant was unable to kneel, climb or crawl as a result of his right upper extremity impairment." Tr. 39. Although Cook argued to the Magistrate Judge that the ALJ failed to provide sufficient reasons for rejecting the treating physician's opinion on that subject, Cook has not objected to the Magistrate Judge's determination that the record supports the ALJ's rejection of Dr. Toczylowski's opinion on this subject and that any error in this rejection was harmless. Accordingly, the court need not address this issue.

3

Dr. Toczylowski's opinion as stating that Cook *could* lift five pounds up to and above his shoulder. This appears to have been a misstatement, as opposed to a reasoned rejection, of Dr. Toczylowski's opinion, as the description appears after the statement that the ALJ was giving "significant weight" to Dr. Toczylowski's opinion, and before the ALJ expressly stated that portion of Dr. Toczylowski's opinion with which the ALJ disagreed. Even if the ALJ disagreed with Dr. Toczylowski's opinion regarding Cook's inability to lift five pounds up to and above his shoulder, the ALJ's failure to provide any reasons for such disagreement makes it "impossible to determine whether [the ALJ] merely discredited that assessment or, in fact, overlooked [it]. . . ." Nguyen v. Callahan, 997 F. Supp. 179, 182 (D. Mass. 1998).

The Commissioner has acknowledged that the ALJ inaccurately summarized Dr. Toczylowski's opinion regarding Cook's ability to lift five pounds above his shoulder. See Mem. in Support of Def.'s Mot. To Affirm Commissioner's Dec. 13 [#18]. Yet the Commissioner has argued that this error was harmless. The Magistrate Judge agreed with the Commissioner on this point. See Report & Recommendation 30 [#24]. Cook objects, arguing that the ALJ's inaccurate characterization of Dr. Toczylowski's opinion affected the residual functional capacity ("RFC") determination and the hypothetical posed to the Vocational Expert, and therefore affected the ALJ's ultimate determination that Cook is not disabled. The court turns to this issue.

IV.  Whether the RFC Determination Conflicted with Dr. Toczylowski's Opinion

Based on his assessment of Dr. Toczylowski's opinion and those of other physicians, the ALJ determined that Cook had the residual functional capacity:

> to perform light work as defined in 20 CFR [§] 404.1567(b) except that lifting and/or carrying is limited to his left upper extremity although his right dominant arm can be used for support but not above shoulder level. He can occasionally reach horizontally but never reach vertically, push or pull with his right upper extremity.

Tr. 31.[3] Cook objects that this RFC finding "conflicted with Dr. Toczylowski's opinion because it provided that [Cook] could use his right arm for support but not above shoulder level, and he could occasionally reach horizontally but never vertically with his right upper extremity." Pl.'s Objs. 4 [#25]. Cook is incorrect that Dr. Toczylowski opined that Cook could not reach horizontally with his right upper extremity. However, Cook *is* correct that the ALJ's RFC finding is inconsistent with Dr. Tocyzlowski's opinion insofar as the RFC provides that Cook could use his right arm for support.

This error in the RFC seems to stem from the ALJ's mischaracterization of Dr. Toczylowski's opinion. In explaining how he arrived at the RFC, the ALJ stated that "Dr. Toczylowski opined that the claimant . . . could lift . . . 5 pounds up to and above his shoulder." Tr. 34. This summary again appeared several pages later in the decision, where the ALJ explained the weight he gave to Dr. Toczylowski's opinion. Tr. 39.

Because the ALJ failed to explain why he concluded that Cook could use his right arm for support, in conflict with Dr. Toczylowski's opinion that Cook could not lift 5 pounds up to and above his shoulder, and this deviation in the RFC does not appear to be supported by other substantial evidence in the record, the court concludes that the RFC is unsupported by substantial

---

[3] SSA Regulations define "light work" as work that:

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (physical exertion requirements of light work).

evidence. Nonetheless, an error in the RFC may be harmless where such error does not affect the hypothetical posed to a vocational expert or that vocational expert's testimony. Therefore, the court next turns to that issue.

V. <u>Whether the Hypothetical Presented to the Vocational Expert, and the Vocational Expert's Testimony, Were Consistent with Dr. Toczylowski's Opinion</u>

During the May 24, 2016, hearing before the ALJ, the ALJ posed a hypothetical to the Vocational Expert regarding an individual with the same age, education, language, and work background as Cook, who also had the following limitations:

> This person would be able to lift and carry 20 pounds on an occasional basis and lift and carry 10 pounds on a frequent basis. This person would have to use the left arm for doing the lifting and carrying of any objects.
>
> However, this person would be able to sometimes support the left arm with the right arm but certainly not to the point where the right arm would be lifting and carrying and the right arm would have to be raised vertically beyond . . . the shoulder level. . . . This person would be able to sit for six hours in an eight-hour workday, stand and/or walk for six hours in an eight-hour workday.
>
> This person would be unable to reach vertically with the right upper extremity, would occasionally be able to reach horizontally with the right upper extremity and would be unable to push and pull with the right upper extremity. This person is a right handed individual.

Tr. 90. The Magistrate Judge concluded that "the hypothetical posed to the [Vocational Expert] was an accurate depiction of Dr. Toczylowski's medical opinion." Report & Recommendation 30-31 [#24]. Cook objects to that finding. Pl.'s Objections 3-4 [#25].

The court concludes that the ALJ's mischaracterization of Dr. Toczylowski's opinion affected the hypothetical posed to the Vocational Expert. The hypothetical supposes that the individual described could use his right arm to support the left arm's lifting. Although the hypothetical states that the right arm could not be doing the lifting and carrying, it leaves open

6

the potential that the right arm's support of the left arm described could exceed Dr. Toczylowski's stated limitation that Cook, "up to and above the shoulder . . . is unable to lift 5 pounds with an extended arm in front of him." Tr. 515.

Based on the ALJ's hypothetical, the Vocational Expert testified that an individual with the limitations summarized by the ALJ could perform work in the regional or national economy. Tr. 91. The Vocational Expert found that such an individual could not perform Cook's prior jobs of tractor-trailer driver or school-bus driver, both of which are classified as medium duty in the *Dictionary of Occupational Titles* and the *Selected Characteristics of Occupations*. Tr. 91. However, the Vocational Expert testified that such an individual could perform three jobs – security guard, companion, and flagger – all classified as light duty. Tr. 91-92.

"[I]n order for a vocational expert's answer to a hypothetical question to be relevant, the inputs into that hypothetical must correspond to conclusions that are supported by the outputs from the medical authorities." Arocho v. Sec'y of Health & Human Servs., 670 F.2d 374, 375 (1st Cir. 1982). Here, the inputs into the hypothetical were tainted by the ALJ's inaccurate characterization of Dr. Toczylowski's opinion. Further, the Vocational Expert's testimony affected the ALJ's ultimate decision. Relying on the Vocational Expert's answer to the hypothetical, the ALJ concluded at Step Five that Cook "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy,"[4] and thus, that Cook is "not disabled." Tr. 41. Therefore, contrary to the Commissioner's argument, the inconsistencies between the ALJ's hypothetical and Dr. Toczylowski's opinion were not harmless.

---

[4] It is the Commissioner's burden at Step Five of the evaluation process to show the existence of a significant number of jobs in the national economy that the claimant could perform. See Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001).

The Commissioner responds that Cook waived this argument by failing to raise it before the Magistrate Judge and before the ALJ. It is true that Cook's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment [#14] did not clearly articulate the issues regarding the hypothetical and Vocational Expert's testimony. But Cook's argument is intertwined with his challenges to the ALJ's inaccurate summary of Dr. Toczylowski's opinion and inaccurate RFC finding, which *were* timely raised. Accordingly, Cook did not waive this argument.

In sum, Cook has shown that the ALJ failed to accurately summarize Dr. Toczylowski's opinion, that this mischaracterization affected the RFC finding and the hypothetical posed to the Vocational Expert, and that it therefore affected the Vocational Expert's testimony as to whether Cook could perform jobs in the national economy and the ALJ's ultimate determination that Cook is not disabled. As such, the ALJ's determination is not supported by substantial evidence. Further, remand is required because the record does not provide sufficient information about the jobs in question for this court to conclude the Vocational Expert would have provided the same testimony and reached the same conclusions in response to a hypothetical that accurately described Cook's limited ability to use his right arm, as described by Dr. Toczylowski. See Rose v. Shalala, 34 F.3d 13, 19 (1st Cir. 1994) (remand required when ALJ denied disability claim based on vocational expert's testimony in response to hypothetical omitting some of claimant's impairments); Mason v. Berryhill, 245 F. Supp. 3d 327, 334 (D. Mass. 2017) (same).

VI. Conclusion

For the foregoing reasons, the court ACCEPTS and ADOPTS those portions of the Report and Recommendation [#24] to which Cook has not objected; DECLINES to adopt those portions of the Report and Recommendation [#24] addressing the ALJ's summary of Dr. Toczylowski's opinion, findings as to Cook's residual functional capacity, and analysis and

conclusions on Step Five of the evaluation process; ALLOWS Cook's Motion for Summary Judgment [#13] to the extent it seeks remand for a new hearing; and DENIES the Commissioner's Motion to Affirm the Commissioner's Decision [#17]. This matter is remanded to the SSA for further proceedings consistent with this opinion. The ALJ who is assigned to the case shall offer Cook an opportunity for a *de novo* hearing on Step Five, and shall thereafter issue a new decision on Cook's application for disability insurance benefits.

    IT IS SO ORDERED.

Date:   September 27, 2018                             /s/ Indira Talwani
                                                                            United States District Judge