UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TOMMY COOK,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Civil Action No. 17-cv-11764-IT

MEMORANDUM AND ORDER

October 28, 2019

TALWANI, D.J.

Before the court is Defendant's Motion for Reconsideration [#29]. For the following reasons, Defendant's motion is DENIED.

Procedural History

Plaintiff Tommy Cook ("Cook" or Plaintiff) filed this action seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner" or Defendant) denying Cook's application for Disability Insurance Benefits ("DIB"). The court denied the Commissioner's Motion for Order Affirming Decision [#17] and allowed Plaintiff's Motion for Summary Judgment [#13] to the extent it sought remand for a new hearing and remanded the matter to the Social Security Administration for further proceedings consistent with this opinion. Order [#27]. The Commissioner has filed a Motion for Reconsideration [#29] pursuant to Fed. R. Civ. P. 59(e).

Standard of Review

A district court may grant motions under Fed. R. Civ. P. 56(e): 1) to correct a manifest

error in law; 2) to account for newly discovered evidence; or 3) where the court has "patently misunderstood a party…or has made an error not of reasoning but apprehension." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008).

Analysis

The Commissioner contends that the court made an error of apprehension when determining that the Residual Functional Capacity (RFC) assessment issued by the Administrative Law Judge (ALJ) was inconsistent with the findings of Dr. Henry Toczylowski, Plaintiff's treating orthopedic surgeon.

The court found that the reviewing ALJ erred when summarizing Dr. Toczylowski's findings as to how much weight Plaintiff can lift up to and above his shoulder with his right extremity. Order 2-4 [#27]. Specifically, the ALJ stated that Dr. Toczylowski found that Plaintiff "could lift only 5-10 pounds, and only 5 pounds up to and above his shoulder" with his right extremity. Tr. 39.[1] However, Dr. Toczylowski actually reported that, while Plaintiff can lift 5-10 pounds with his right extremity, "up to and above the shoulder he is unable to lift 5 pounds with an extended arm in front of him." Tr. 515; see also Mem. in Supp. of Def.'s Mot. To Affirm Commissioner's Dec. 13 [#18] (acknowledging discrepancy). In addition, Dr. Toczylowski wrote that Plaintiff "has minimal lifting capacity at shoulder level and virtually no significant lifting capacity above shoulder level" for both arms. Tr. 516.

In light of this error by the ALJ, the court found that the ALJ's RFC was inconsistent with Dr. Toczylowski's opinion. The ALJ stated that Plaintiff "had the residual functional capacity to perform light work as defined in 20 CFR. 404.1567(b) except that lifting and/or

---

[1] Consistent with the Report and Recommendations [#24] and this court's Order [#27], this order uses "Tr." to refer to the page number in the lower corner of the Administrative Record [#12].

carrying is limited to his left upper extremity <u>although his right dominant arm can be used for support but not above shoulder level</u>." Tr. 31 (emphasis added). Noting the discrepancy between Dr. Toczylowski's reported limitations on Plaintiff's ability to use his right arm and the ALJ's finding on Plaintiff's ability to use his right arm "for support," the court turned to determining whether this error was harmless, as the Commissioner argued or if it was sufficient to merit summary judgment and remand. Order 4 [#27].

Defendant contends that the court erred in finding an inconsistency between Dr. Toczylowski's opinion and the ALJ's RFC. Def.'s Mem. in Supp. of Def.'s Mot. for Recons. 2-3 [#30]. The Commissioner focuses on Dr. Toczylowski's caveat that Plaintiff's minimal lifting capacity up to and above the shoulder is "with an extended arm in front of him." Id. 2 [#2]. Defendant argues that based on Dr. Toczylowski's caveat that Plaintiff could not lift weight up to and above his shoulder "with his right arm extended," the ALJ was justified in finding that Plaintiff can use his right arm as support when his left arm is lifting. Id. 2-3. As illustration, the Commissioner states that "the right arm must bend to be able to hold the left arm," meaning that the right arm will never be extended in front of Plaintiff and therefore will be able to support more weight. Id. 2.

The Commissioner's argument ignores the likelihood that the "support" in lifting would involve "support" in lifting an object, rather than support in lifting the left arm. For example, if a worker needs to lift a 20 pound package from the floor to a table, the hand of the supporting right arm is likely to be placed on or under the package (and thus, extended in front of the worker), not on the left arm. For this reason, the limitations on lifting with an extended arm are directly at issue. In light of Dr. Toczylowski's opinion about the severe limitations of Plaintiff's ability to use an extended right arm and the ALJ's mistaken assessment that Plaintiff could lift 5 pounds

3

with his extended right arm, the ALJ failed to properly explain his conclusion that Plaintiff was able to use his right arm as support. Order 5-6 [#27]. See also Rose v. Shalala, 34 F.3d 13, 19 (1st Cir. 1994) (reinforcing reviewing court's duty to determine whether an ALJ's finding is supported by substantial evidence).

Conclusion

Accordingly, Defendant's Motion for Reconsideration [#29] is DENIED.

IT IS SO ORDERED.

Date: October 28, 2019
/s/ Indira Talwani
United States District Judge